COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Bray
Argued at Norfolk, Virginia


BOBBY RAY EDWARDS

v.          Record No. 0104-94-1                    OPINION
                                           BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                       OCTOBER 3, 1995


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                  Robert W. Curran, Judge

        David B. Olson for appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.



     Bobby Ray Edwards (appellant) appeals from his convictions

by the Circuit Court of the City of Newport News (trial court)

for malicious wounding, use of a firearm, and possession of a

firearm or concealed weapon by a felon.  This appeal is limited

to the question whether the trial court committed reversible

error in allowing appellant to waive counsel and proceed pro se

without properly advising him of the potential consequences of

his actions.  Finding no error, we affirm the judgments of the

trial court.

     Appellant was arrested on October 31, 1992 and charged with

malicious wounding, use of a firearm in the commission of the

felony, and possessing a firearm after having been convicted of a

felony.  On November 3, 1992, he appeared in the General District

Court of Newport News where a preliminary hearing on the charges

was held.  Code § 19.2-160, in pertinent part, provides:

If the charge against the accused is a crime the penalty for which may be incarceration, and the accused is not represented by counsel, the court shall ascertain by oral examination of the accused whether or not the accused desires to waive his right to counsel.

In the event the accused desires to waive his right to counsel, and the court ascertains that such waiver is voluntary and intelligently made, then the court shall provide the accused with a statement to be executed by the accused to document his waiver. <u>The statement shall be in a form designed and provided by the Supreme Court. Any executed statement herein provided for shall be filed with and become a part of the record of such proceeding.</u>

(Emphasis added.) The general district court, in compliance therewith, conducted an oral examination at the preliminary hearing, after which appellant signed the following waiver form:

**WAIVER OF RIGHT TO BE REPRESENTED BY A LAWYER**
**(CRIMINAL CASE)**

I have been advised by a judge of this court of the nature of the charges in the cases pending against me and the potential punishment for the offenses, which includes imprisonment in the penitentiary or confinement in jail. I understand the nature of these charges and the potential punishment for them if I am found to be guilty.

I have been further advised by a judge of this court that I have the following rights to be represented by a lawyer in these cases:

    a. I have a right to be represented by a lawyer.

    b. If I choose to hire my own lawyer, I will be given a reasonable opportunity to hire, at my expense, a lawyer selected by me. The judge will decide what is a reasonable opportunity to hire a lawyer. If I have not hired a lawyer after

- 2 -

such reasonable opportunity, the judge may try the case even though I do not have a lawyer to represent me.

    c. If I ask the judge for a lawyer to represent me and the judge decides, after reviewing my sworn financial statement that I am indigent, the judge will select and appoint a lawyer to represent me. However, if I am found to be guilty of an offense, the lawyer's fee as set by the judge within statutory limits will be assessed against me as court costs and I will be required to pay it.

I understand these rights to be represented by a lawyer. I also understand that I may waive (give up) my rights to be represented by a lawyer.

Understanding my rights to be represented by a lawyer as described above and further understanding the nature of the case and the potential punishment if I am found to be guilty, I waive all of my rights to be represented by a lawyer in these cases, with the further understanding that the cases will be tried without a lawyer either being hired by me or being appointed by the judge for me. I waive these rights of my own choice, voluntarily, of my own free will, without any threats, promises, force or coercion.

<u>s/ Bobby R. Edwards</u>

The district court judge found that appellant knowingly, voluntarily, and intelligently waived his right to be represented by counsel, and the judge signed the following statement:

Upon oral examination, the undersigned judge of this Court finds that the Adult, having been advised of the rights and matters stated above and having understood these rights and matters, thereafter has knowingly, voluntarily and intelligently waived his rights to be represented by a lawyer.

- 3 -

<u>NOV 3 1992</u>                    <u>s/ Joan T. Morris</u>
DATE                             JUDGE

After a hearing, probable cause was found and the cases were

presented to a grand jury.  True bills were returned on December

14, 1992.

Trial on the charges was scheduled for February 17, 1993.

The record discloses that appellant was certain of both the

identification and the nature of all three charges.  The

Commonwealth advised the trial court that appellant had waived

his right to an attorney.  Finding in the court's file only the

waiver executed in the general district court, the trial court

asked appellant if he still wanted to waive his right to counsel.

When appellant responded affirmatively, the record reflects that

"upon oral examination" the trial court made the same findings as

made by the general district court judge.[1]  In response to

further inquiries by the court, appellant advised the court that

he was not ready for trial and informed the court of the names

and addresses of two witnesses.  Appellant further stated that he

was a college graduate and had completed one year toward a

Master's degree at Howard University.

The following exchange between the trial court and appellant

then occurred:

          THE COURT:     Have you thought about the
          advisability of a trial by jury?

_____

[1]The trial court signed the waiver in identical form as the
district court judge.

THE DEFENDANT: In this particular case it's a question of law and I think I prefer the court.

The trial court granted a continuance to enable appellant to have subpoenas issued for the witnesses. The Commonwealth suggested a new trial date of May 13. Appellant called to the trial court's attention that he had been incarcerated since October 31 and hoped trial could be held earlier. The trial court acceded to appellant's desire and set the matter for April 1. Appellant requested that the cases be heard by the same judge who was presiding at that time. The trial court agreed to this request.

On April 1, the trial court again inquired as to appellant's education and was again told by appellant that he was a college graduate with one year's credit toward a Master's degree. Appellant further denied having any inability to understand the proceedings and affirmed his understanding of the charges. He had previously complained that he had too little time allowed in the jail's law library and was assured by the trial court that the court would do what it could to increase that time. On April 1, appellant advised the court that he had had adequate time to prepare his defense.

At trial, one defense witness did not appear. Appellant told the trial court that the witness was not needed but that a third witness, a police officer who appellant had not subpoenaed, was needed for his defense. The trial court arranged to have the

- 5 -

officer present to testify. Before the trial began, appellant moved to have the witnesses excluded. His motion was granted.

At the conclusion of the Commonwealth's case, appellant presented two witnesses to testify in his defense but did not testify himself. The trial court's orders, which documented that appellant had been found guilty on each charge, declared that:

> [T]he Court having made inquiry and being of the opinion that the defendant fully understood the nature and effect of his plea and of the penalties that may be imposed upon his conviction, and after having been first advised by the Court of his right to trial by jury, the defendant knowingly and voluntarily waived trial by jury and with the concurrence of the attorney for the Commonwealth . . . the Court proceeded to hear and determine the case.

The trial court ordered a presentence report, which revealed that appellant had a substantial number of felony and misdemeanor convictions.[2]

Prior to the sentencing hearing, an attorney was appointed to represent appellant. A motion for a new trial was filed, alleging that the trial court failed to warn appellant that (1) he would be responsible for the adequacy of his defense, and (2) he would suffer the consequences of any inadequacy if he rejected professional assistance. After hearing argument thereon and reviewing the record and transcript, the trial court found as follows:

> And it is this Court's position, in viewing

---

[2]_E.g._, burglary, assault with a dangerous weapon, abduction, and robbery.

everything as a whole, that this particular
Defendant, because of his education, because
he had signed a waiver in the General
District Court which sets out certain
statements and which was referred to by this
Court on the February 17th hearing, and in
addition, the opening statement from this
particular Defendant indicated that he was
very knowledgeable and was not ready to
accept counsel and that he wished to proceed
pro se.  So I believe that this particular
Defendant, under the facts and circumstances
of this case, intelligently waived his right
to counsel, and I deny the motion.

At oral argument, appellant conceded that if the matters
contained in the executed waiver forms were contained in the
transcript of the trial proceedings the convictions should be
affirmed.  However, citing <u>Faretta v. California</u>, 422 U.S. 806
(1975), and <u>Kinard v. Commonwealth</u>, 16 Va. App. 524, 431 S.E.2d
84 (1993), appellant contends that without those specific
warnings he could not make a knowledgeable and intelligent waiver
of his right to be represented by an attorney.  Thus, we must
decide in this case whether, standing alone, the absence of those
specific warnings requires reversal of the judgments of the trial
court.

The issue in the case before us and before the courts in the
cases relied upon by appellant in his quest for reversal arises
out of an accused's right to counsel guaranteed by the Sixth
Amendment of the Constitution of the United States, which
provides that the accused shall enjoy the right to have
assistance of counsel.  If the accused has not competently and
intelligently waived that constitutional right, the Sixth

Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or liberty. <u>Johnson v. Zerbst</u>, 304 U.S. 458, 468 (1938). When the issue is presented, the burden is on the Commonwealth to show by the record that an accused who proceeds <u>pro se</u> has competently, intelligently, and understandingly waived his right to counsel. <u>Bolden v. Commonwealth</u>, 11 Va. App. 187, 191, 397 S.E.2d 534, 536 (1990), <u>cert. denied</u>, 502 U.S. 943 (1991).

Signing a waiver form does not alone guarantee affirmance of a conviction, and failure to give the specific warnings suggested by appellant does not alone assure reversal of the conviction. All of the circumstances as shown by the record must be considered and an ultimate determination made whether the accused knowingly, competently, and intelligently waived his right to be represented by an attorney.

In <u>Superintendent v. Barnes</u>, 221 Va. 780, 273 S.E.2d 558 (1981), the Supreme Court of Virginia said:

> While the Supreme Court has said in dictum that an accused who has chosen to represent himself "should be made aware of the dangers and disadvantages of self-representation," <u>Faretta v. California</u>, 422 U.S. 806, 835 (1975), it has never held that the absence of such cautionary instruction, standing alone, defeats a waiver.

<u>Id.</u> at 784, 273 S.E.2d at 561. Whether there has been an intelligent waiver of right of counsel depends upon the particular facts and circumstances on each case, including the background, experience, and conduct of the accused. <u>Id.</u>

- 8 -

In _Faretta_, the sole issue decided was that the trial court erred when it denied Faretta the right to represent himself and proceed to trial _pro se_.  Obviously, the specific warning statement from Faretta relied upon by appellant was _dictum_.  _Kinard_ quoted the _dictum_ from _Faretta_ but specifically acknowledged that "[t]o test the sufficiency of Kinard's waiver of counsel and election to proceed _pro se_, we must review the particular facts and circumstances surrounding this case."  _Kinard_, 16 Va. App. at 527, 431 S.E.2d at 86.  Citing _United States v. Doe_, 743 F.2d 1033, 1038 (4th Cir. 1984), the _Kinard_ opinion declares:

> [T]he primary inquiry . . . is not whether any particular ritual has been followed in advising the defendant of his rights and accepting his waiver, but simply whether the procedures followed were adequate to establish "an intentional relinquishment of the right to counsel, known and understood by the accused. . . ."

_Kinard_, 16 Va. App. at 527, 431 S.E.2d at 86.

_Kinard_ is not based upon the _dictum_ from _Faretta_.  Rather, it is based upon the finding that Kinard's waiver was not intelligently made because the record failed to show that he had been advised of the nature of the charges against him and of the punishment that could be imposed.  _Kinard_, 16 Va. App. at 527, 431 S.E.2d at 86.

_Kinard_ is consistent with the prevailing constitutional standard expressed in _North Carolina v. Butler_, 441 U.S. 369, 374-75 (1979).  There, the Supreme Court upheld an "implicit

- 9 -

waiver" upon considering the whole record. Citing <u>Butler</u>, the Virginia Supreme Court in <u>Barnes</u> agreed that "[w]hile it is preferable practice for trial courts to warn an accused of the risks of self-representation, we believe that a cautionary instruction is only one of the 'facts and circumstances' relevant to a determination of the validity of a waiver of counsel." <u>Barnes</u>, 221 Va. at 784, 273 S.E.2d at 561.

The waiver form signed by appellant met the requirements of Code § 19.1-160. Appellant is a college graduate with one year's credit toward a Master's degree. His criminal record discloses numerous experiences with the judicial system and the criminal process. His attention was called to the advisability of considering a jury trial, and he specifically indicated a preference for a bench trial. He had access to a law library. He apparently used it because when asked on April 1 whether he was prepared for trial he answered in the affirmative. By executing the waiver forms, appellant acknowledged (1) that he had been advised of the nature of the charges and of the potential punishment for the offenses, and (2) that he understood he had the right to be represented by a lawyer, that he would be given the time to employ one and if he could not afford one the court would appoint one to represent him. He acknowledged further that he understood the nature of the charges, that the potential punishment if he were found guilty exposed him to penitentiary incarceration, and that he was waiving his rights of

his own choice, voluntarily, of his own free will, without threats, promises, force, or coercion.

The courts' orders and certifications to the waivers disclose findings that appellant knowingly and intelligently waived his right to be represented by an attorney. Two judicial officers, the general district court and the circuit court judges, declared that they had made an "oral examination," that appellant had been informed of his rights, that he understood the contents of the waiver, and that he had "knowingly, voluntarily and intelligently" waived his rights. In addition, post-trial, an attorney was appointed to represent appellant in this appeal. Prior to perfecting the appeal, the newly appointed counsel moved the trial court to set aside the verdicts on the basis of the dictum contained in Faretta and quoted in Kinard. The trial court reviewed the record and made a further specific finding that the waiver complied with the constitutional requirements.

Nothing in this record contradicts the factual statements contained in the waivers. In fact, at oral argument, counsel for appellant conceded that if the contents of the waivers had been contained in the transcript of the trial procedure, appellant would have no basis for reversal of his convictions.

Upon review of the facts and circumstances shown, for the reasons stated, we hold that the record supports the trial court's finding that appellant competently, voluntarily, and intelligently waived his right to counsel, and that the

requirements of the Sixth Amendment have been met.

Accordingly, the judgments of the trial court are affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

In applying the admonition in <u>Faretta v. California</u>, 422 U.S. 806 (1975), that the record must establish that an accused who represents himself has "'knowingly and intelligently' forego[ne] those relinquished benefits" that are traditionally associated with the right to counsel, <u>id.</u> at 835, this Court stated:

> A defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" . . . "[T]he primary inquiry . . . is not whether any particular ritual has been followed in advising the defendant of his rights and accepting his waiver, but simply whether the procedures followed were adequate to establish 'an intentional relinquishment of the right to counsel, known and understood by the accused. . . .'"

<u>Kinard v. Commonwealth</u>, 16 Va. App. 524, 527, 431 S.E.2d 84, 86 (1993) (citations omitted).

In pertinent part, the transcript reflects that the following occurred in the circuit court:

> (The Court Reporter was duly sworn.)
>
> (The Defendant was present in the courtroom.)
>
> [PROSECUTOR]: Bobby Edwards.
>
> [JUDGE]: He waived his right to an attorney.
>
> [PROSECUTOR]: That's what I understand, Judge. The Commonwealth is ready, Judge.
>
> [JUDGE]: All right, in this particular case Mr. Edwards, in the General District Court you waived your right to an attorney. Do you still wish to waive your right to an attorney

- 13 -

in these cases, sir?

[THE DEFENDANT]:  Your Honor, because of the political and sociological ramifications of ride by shootings.  And the falsification of information by the witnesses.  And the withholding of information by the prosecutor's office to paint the scenario that I'm some person from out of town, some infamous or notorious person named Tank from out of town that is some kind of enforcer or some kind of a hit man or something, when, in fact, I have twelve children in Newport News and sixteen grandchildren.

I'm not someone coming here to be on some misadventure.  And because of the turns and twist in the judicial system wherein a man is more or less guilty until he is proven innocent and the doubt goes towards the prosecutor, I have no alternative but to proceed as a pro se litigant.  However, I make a motion to quash the information because in the -- there was no corpus delicti evidence of probable cause --

[JUDGE]:  The first thing I want to do is get the paperwork straight, because all I have in front of me is a waiver from the General District Court.  And I want to get straight that you want to represent yourself.  So he needs to sign -- what do we have, we have three charges?

        *    *    *    *    *    *    *

[JUDGE]:  Let me get -- Mr. Davenport if you will prepare three waivers and have the sheriff take them over to this gentleman and let him sign them and Mr. Duncan you can look through your file while we're doing that.

All right, Mr. Edwards, you had some motions.

THE DEFENDANT:  Yes, sir.

        *    *    *    *    *    *    *

[JUDGE]:  I'm going to deny those motions because I don't believe this Court has anything to do with the probable cause

- 14 -

hearing.

THE DEFENDANT:  I can reserve those rights on those motions?

[JUDGE]:  Yes, sir, you can note your exception to my ruling on those issues, yes, sir.  All right, now, with that in mind I'm going to ask that the Clerk read to you the indictments for you to plead to the indictments.

This Court's observations in Kinard are applicable to the record in this case.

> The record . . . does not show that the waiver was made intelligently. . . .  [The record] was insufficient to ensure that [the defendant] understood that he was undertaking a complex and sophisticated role, the performance of which normally requires a high level of professional training and competence.  It failed to warn him that if he rejected professional assistance, he would be responsible for the adequacy of his defense and would suffer the consequences of any inadequacy.  At the time the waiver was accepted, [the defendant] had not been arraigned.  The record does not show that he had been advised of the nature of the charges against him or of the punishment that could be imposed.  Therefore, the record does not support . . . [a] finding that [the defendant's] waiver of counsel was intelligently made.

16 Va. App. at 527, 431 S.E.2d at 86.  Because the record in this case does not reflect that the defendant was made aware of the "dangers and disadvantages of self-representation," Faretta, 422 U.S. at 835, I would hold that the record does not establish that the defendant made a knowing and intelligent waiver of his right to counsel.  Accordingly, I would reverse the convictions and remand for a new trial.