COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


TRAYE DAISON MITCHELL

                                                    MEMORANDUM OPINION* BY
v.        Record No. 3325-02-1                      JUDGE ROBERT P. FRANK
                                                         FEBRUARY 3, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Dean W. Sword, Jr., Judge

              Felipita Athanas, Appellate Defender (Public Defender Commission,
              on briefs), for appellant.

              Josephine F. Whalen, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General; Donald E. Jeffrey, III, Assistant Attorney General,
              on brief), for appellee.


      Traye Daison Mitchell (appellant) was convicted in a bench trial of carjacking, in violation

of Code § 18.2-58.1.  On appeal, he contends the trial court erred in finding the evidence sufficient

to convict him.  He maintains the testimony of the victim was inherently incredible.  Agreeing with

the trial court, which heard the conflicting testimony and accepted the victim's version of events, we

do not find the testimony was inherently incredible, and we affirm the conviction.

              When considering the sufficiency of the evidence on appeal in a
              criminal case, we view the evidence in the light most favorable to
              the Commonwealth, granting to its evidence all reasonable
              inferences fairly deducible therefrom.  Higginbotham v.
              Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).
              The conclusions of the fact finder on issues of witness credibility
              may only be disturbed on appeal if we find that the witness'
              testimony was "inherently incredible, or so contrary to human
              experience as to render it unworthy of belief." Fisher v.
              Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204

_____

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(1984).  Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction.

McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

Appellant points to several factual conflicts in the evidence to argue that the victim's testimony was incredible.[1]  He notes that the victim, Brian Lamm, testified that appellant walked up to his car at about 7:00 p.m. on April 22, 2002.  Appellant then opened the car door and began to assault Lamm.  Lamm testified he sustained injuries during the assault.  Appellant then pulled Lamm out of the car.  Lamm testified he began to run and appellant pursued him in the car.  Eventually, appellant drove off in Lamm's car.  Lamm then called the police and was interviewed by an unknown officer.  Several days later, Lamm spoke to Detective Richardson.  When the police recovered the stolen car, it was "totaled," "smashed in the front."

Appellant contrasts Lamm's testimony with that of Detective Richardson.  Richardson testified he observed only scrapes and bruises "about the head, neck, and back" of Lamm, but he did not see any bite marks, as Lamm's testimony suggested.  The detective noticed, "They looked like recent injuries, within the last couple days."  Richardson also testified Lamm told him that the carjacking took place at 11:30 p.m., contradicting Lamm's testimony that the incident occurred at 7:00 p.m.

Appellant also posits that Officer A.M. Williams's testimony renders Lamm's testimony incredible because the times mentioned do not agree.  He points to the examination by the prosecutor, who asked Williams if he was employed by the Portsmouth Police Department on

---

[1] The Attorney General argues this issue is defaulted under Rule 5A:18 because appellant, in his motion to strike, did not argue Lamm's testimony was inherently incredible.  We disagree.  Appellant did argue that Lamm's testimony was incredible, pointing to the conflict between the time given by Lamm and the time when the stolen car was found.  The trial court was afforded an opportunity to intelligently rule on the issue; therefore, it was preserved for appeal.  See Campbell v. Commonwealth, 12 Va. App. 476, 480-81, 405 S.E.2d 1, 2-3 (1991) (*en banc*).

April 22, 2002. The prosecutor then inquired, "On or about that time did you investigate an incident involving Brian Lamm?" Williams's answer indicated he found Lamm's wrecked car between "twelve and one." Officer Williams testified that, when he called dispatch, he was informed the vehicle had been stolen. When asked whether Detective Richardson came to the scene of the wrecked vehicle, Officer Williams identified Richardson as the "detective investigating the original complaint."

Appellant argues that Lamm's testimony was inherently incredible because, if Williams saw the car at 1:00 p.m. on April 22, then Lamm's story that the altercation with appellant occurred at 7:00 p.m. on April 22 was impossible. However, appellant's argument does not view the evidence in the light most favorable to the prevailing party. "'[W]e must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)).

The fact finder reasonably could infer that Officer Williams saw the wrecked car on April 23, the day after Lamm claimed the vehicle was stolen. Williams did not testify he found the vehicle between noon and 1:00 p.m. on April 22, only "on or about April 22." Additionally, according to the officer's testimony, the vehicle was reported stolen before he discovered the wreck, and Detective Richardson had already been assigned to "the original complaint." Clearly, the carjacking occurred prior to Williams's discovery of the vehicle.

In Thompson v. Letourneau, 199 Va. 560, 101 S.E.2d 1 (1957), the Supreme Court reviewed its prior case law on the credibility of witnesses:

> In Daniels v. Transfer Co., 196 Va. 537, 544, 84 S.E.2d 528 [(1954)], we approved the following statement from Burke v. Scott, 192 Va. 16, 23, 63 S.E.2d 740 [(1951)]: "To be incredible, evidence must be either so manifestly false that reasonable men

> ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ."

Id. at 566, 101 S.E.2d at 5-6. See also Simpson v. Commonwealth, 199 Va. 549, 557-58, 100 S.E.2d 701, 707 (1957).

We find Lamm's testimony was not "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299, 321 S.E.2d 202, 204 (1984). The record clearly indicates a discrepancy in the time of the incident, stating it occurred at either 7:00 p.m. or 11:30 p.m. However, "[p]rior inconsistent testimony is a factor in determining the credibility of a witness, but it does not automatically render the witness' testimony incredible. Inconsistent statements by a witness go to the weight and sufficiency of the testimony, not the competency of the witness." Fordham v. Commonwealth, 13 Va. App. 235, 240, 409 S.E.2d 829, 832 (1991) (citations omitted). Although the timing is not consistent, appellant admitted at trial that he met Lamm on the evening of April 22, 2002, at the same location indicated by Lamm. He denied taking Lamm's car, but he corroborated Lamm's testimony that they were together sometime that evening. The exact time of the incident is not crucial to the conviction.

Additionally, the "conflict" between Lamm's testimony that appellant bit him in the back and Detective Richardson's testimony that he saw no bite marks several days later does not render Lamm's testimony inherently incredible. While he did not see bite marks, Richardson did see scrapes, bruises, and cuts "about the head, neck and back area." Thus, Richardson partially corroborated Lamm's description of the attack. Again, the lack of corroboration of the bite marks does not make Lamm's testimony, as a matter of law, incredible.

If Lamm's testimony is not incredible, the Commonwealth has proved every element of the offense. The credibility arguments before this Court, and the inconsistencies in Lamm's

testimony, were argued to the trial court.  The court resolved those issues in favor of the Commonwealth.  We do not find that resolution was plainly error.  The evidence was neither incredible nor so contrary to human experience as to render it unworthy of belief.  We will not, therefore, disturb the trial court's findings on appeal.

We affirm the trial court's conviction of appellant.

<u>Affirmed.</u>