COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Decker, AtLee and Senior Judge Frank
Argued at Norfolk, Virginia

KEVIN LEON SMITH

                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1903-14-1       JUDGE RICHARD Y. ATLEE, JR.
                                        MARCH 29, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie A. Taylor Arrington, Judge

H.K. Reveley, Jr., for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Appellant Kevin Leon Smith appeals convictions from the Circuit Court for the City of

Chesapeake ("trial court") for grand larceny, credit card theft, attempted credit card fraud, and

attempted identity theft.  Smith argues that the trial court erred in permitting him to proceed *pro

se*.  We disagree and affirm.

I.  BACKGROUND

Smith faced a number of felony charges for related offenses.  Although the charges were

addressed in one preliminary hearing, different offenses were scheduled to be heard in three

separate trial proceedings.  Only the convictions rendered in the third trial are at issue in this

appeal.

The trial court appointed counsel to represent Smith at all three trials.  Smith's first

court-appointed attorney withdrew before the cases came to trial.  The trial court then appointed

Sharon Mason, who represented Smith at trial on the first set of charges.  Another trial was

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

scheduled in front of Judge Brown for Monday, April 21, 2014, for the second set of charges.

Before the second trial, Mason requested to withdraw as Smith's counsel. She explained that

Smith wished to handle his own case, that he complained about her unwillingness to file motions

she deemed frivolous, and that he had filed a bar complaint against her. The trial court

conducted an extensive colloquy to ensure Smith was knowingly and voluntarily waiving his

right to counsel, asking, "Do you want to represent yourself or not?" Smith replied, "I would

like to represent myself." Judge Brown confirmed that Smith had a bachelor's degree. He

detailed the disadvantages and challenges of representing oneself as a non-attorney. After

explaining that the rules of evidence can stymie efforts to present one's side of a case, Judge

Brown asked:

> The question is, recognizing the – what they call the vagaries of
> trial and the fact that you could, in fact, wind up being convicted
> not -- in part, because you're not able to get across what evidence
> you think is relevant or important to your case, do you still want to
> represent yourself?

Smith replied, "Yes, Your Honor." Judge Brown asked if Smith wished to keep Mason on as

standby counsel, explaining what that entailed, and Smith declined. Judge Brown also confirmed

that appellant wanted to represent himself with no standby counsel at trial for the third set of

charges (the charges Smith appeals here) that Friday, April 25, 2014. Smith explicitly indicated

that he wanted to represent himself at trial on April 25th. Judge Brown entered an order,

specifically for the third set of charges, permitting Mason to withdraw as counsel and granting

the defendant's request to represent himself without standby counsel.

At trial on the third set of charges on Friday, April 25th, a different judge, Judge

Arrington, presided. Before trial, she asked, "Mr. Smith, you are without counsel today. It's my

understanding that you've been before Judge Brown, and you've waived your right to counsel on

each of the cases for which we're here today; is that correct?" Smith replied in the affirmative.

- 2 -

After a plea colloquy, Judge Arrington asked Smith if he was ready for trial; he responded, "Yes, Your Honor." Smith participated in the proceeding — he argued a speedy trial motion, presented case law, made objections, and cross-examined witnesses. The trial ultimately resulted in the convictions appealed here.

The trial court sentenced Smith to twenty years of incarceration and suspended seventeen years, resulting in an active sentence of three years.

## II. ANALYSIS

"The Sixth Amendment guarantees a criminal defendant 'the Assistance of Counsel for his defence.'" Edwards v. Commonwealth, 49 Va. App. 727, 734, 644 S.E.2d 396, 399 (2007) (quoting U.S. Const. amend. VI). "This textual right, it has been held, 'implies' the concomitant right to be unassisted by counsel." Id. (quoting Faretta v. California, 422 U.S. 806, 821 (1975)). "Whether a waiver is voluntary and competent depends upon the particular circumstances of each case, including the defendant's background, experience, and conduct, but no particular cautionary instruction or form is required." Watkins v. Commonwealth, 26 Va. App. 335, 343, 494 S.E.2d 859, 863 (1998) (quoting Church v. Commonwealth, 230 Va. 208, 215, 335 S.E.2d 823, 828 (1985)). "The primary inquiry . . . is not whether any particular ritual has been followed in advising the defendant of his rights and accepting his waiver, but simply whether the procedures followed were adequate to establish 'an intentional relinquishment of the right to counsel, known and understood by the accused.'" Edwards v. Commonwealth, 21 Va. App. 116, 125, 462 S.E.2d 566, 570 (1995) (quoting Kinard v. Commonwealth, 16 Va. App. 524, 527, 431 S.E.2d 84, 86 (1993)). The Commonwealth bears the burden of showing that a *pro se* defendant has "competently, intelligently, and understandingly waived his right to counsel." Id. at 123-24, 462 S.E.2d at 570. In reviewing this issue, we give deference to the trial court's subsidiary

findings of fact and "review the ultimate Sixth Amendment question *de novo*." Edwards, 49 Va. App. at 740, 644 S.E.2d at 402.

As a preliminary matter, the colloquy before Judge Brown overwhelmingly reflects that Smith intentionally waived his right to counsel and that he understood the ramifications of doing so.[1] Smith was not only a college graduate, but also had recent and relevant familiarity with the legal system and nature of trial proceedings, having just been a defendant in a trial for similar charges. Even after Judge Brown carefully described the potential pitfalls of self-representation, Smith said he wished to proceed *pro se*. Smith wanted to direct his own trial strategy, and, having confirmed that Smith's waiver was knowing and voluntary, Judge Brown permitted him to do so.

The record also plainly shows that Smith intended for this waiver to apply to both the April 21st and 25th proceedings. Judge Brown, after confirming that the upcoming trial dealt with related offenses, specifically asked if Smith wanted Mason "out on that case also," and Smith agreed. Judge Brown even entered an order, expressly applicable to the third set of charges, those appealed here, granting Mason's motion to withdraw and Smith's request to proceed *pro se* without standby counsel. See Howard v. Commonwealth, 63 Va. App. 580, 584, 760 S.E.2d 828, 830 (2015) ("A court speaks through its orders and those orders are presumed to accurately reflect what transpired." (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997))). Had Smith changed his mind before appearing before Judge Arrington, he had clear opportunity to say so when she asked: "Mr. Smith, you are without counsel today. It's my understanding that you've been before Judge Brown, and you've waived your right to counsel on each of the cases for which we're here today; is that correct?" He did

---

[1] Smith's counsel on appeal conceded this at oral argument. We discuss the issue here because of its relevance to Smith's self-representation before Judge Arrington.

not object, disagree, express a desire for standby counsel, or ask why Mason was not present; he simply replied, "Yes, Your Honor."[2] See Rule 5A:18; Alford v. Commonwealth, 56 Va. App. 706, 709, 696 S.E.2d 266, 267 (2010) (holding that a criminal defendant "cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory'" (quoting Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009))); see also Church v. Commonwealth, 230 Va. 208, 213, 335 S.E.2d 823, 826 (1985) (stating that "[a] defendant who represents himself is no less bound by the rules of procedure and substantive law than a defendant represented by counsel").

Finally, Judge Arrington had independent reason to find (and she implicitly did so) that Smith's waiver was both voluntary and knowing. She had Judge Brown's order granting Smith's motion to represent himself without standby counsel at trial on the third set of charges. She also knew Smith had just represented himself on similar and related charges days earlier, suggesting he was keenly aware of what self-representation entailed. Smith's actions confirmed this impression — after pleading not guilty, Smith proceeded to elect a bench trial and argue a speedy trial motion. See Watkins, 26 Va. App. at 345, 494 S.E.2d at 864 (noting that, even though the trial court "did not make the searching, formal inquiry that we would prefer," the Court was confident that waiver was knowing and voluntary based on the defendant's researching and preparing his own motions). Smith's actions demonstrate that he was prepared to represent himself.[3] Viewing the totality of the facts presented, the trial court did not err in

---

[2] Furthermore, on April 28, 2014, three days after appearing before Judge Arrington, Smith wrote a letter to the clerk's office of the trial court, in which he stated that "On Monday, April 21, 2014, Ms. Sharon Mason was removed from all of my cases past, present, and future ones by Judge Brown . . . ." He requested paperwork to appeal because "I now represent myself . . . ."

[3] That Smith did not prevail is immaterial, as "a defendant's 'technical legal knowledge . . . [is] not relevant to an assessment of his knowing exercise of the right to defend himself.'" Thomas v. Commonwealth, 260 Va. 553, 560, 539 S.E.2d 79, 83 (2000) (quoting

finding that Smith's waiver of counsel was knowing and voluntary and allowing him to represent himself.

## III. Conclusion

Finding no error, we affirm.

Affirmed.

---

Faretta, 422 U.S. at 836). "Indeed, 'although [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored' so long as it is knowingly and intelligently made." Id. (quoting Faretta, 422 U.S. at 834).