COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Ortiz, Chaney and Senior Judge Haley


DAYOMIC JACKIE SMITH

             MEMORANDUM OPINION[*]

v.    Record No. 0755-22-2         PER CURIAM
                 MAY 23, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

(Jose E. Aponte, on brief), for appellant.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


Dayomic Jackie Smith appeals the trial court's decision revoking the entirety of his

previously suspended sentence. Smith contends that the trial court abused its discretion when it

revoked his suspended sentence without considering mitigating evidence. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly,

we affirm the trial court's judgment.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

Smith, under a plea agreement, was convicted of one count of distribution of cocaine, in the Chesterfield County Circuit Court by final order of April 6, 2005, and sentenced to ten years of incarceration, with eight years suspended upon the condition that he be of good behavior for twenty years.

In January 2009, Smith violated his probation when he received a new conviction in the Chesterfield County General District Court for driving on a suspended license and new convictions in the Powhatan County Circuit Court for breaking and entering and grand larceny. The trial court revoked and resuspended the entirety of his suspended sentence. On January 6, 2010, upon recommendation of Smith's probation officer, the trial court released Smith from supervised probation on the condition that he comply with the conditions of his suspended sentence.

On January 25, 2022, the trial court issued a show cause order based on Smith's five new convictions in the Chesterfield County Circuit Court for malicious wounding, conspiracy to commit robbery, abduction for pecuniary benefit, and two counts of use of a firearm in the commission of a felony.

At the April 4, 2022 revocation hearing, Smith did not contest that he was in violation of his suspended sentence. The Commonwealth then presented evidence of Smith's new convictions. Investigators determined that Smith and three other individuals conspired to rob David Crostic. One of the co-conspirators had worked for Crostic, sold him illegal drugs, and knew that Crostic had thousands of dollars in cash in his home. The week before the robbery, Smith and another co-conspirator evaluated potential points of entry into Crostic's home.

On January 15, 2020, Jimmy Wilson, one of Smith's co-conspirators, posed as a delivery man to gain entry to the home. After gaining entry, Wilson drew a firearm and Smith then entered the home with a firearm drawn. While Smith held Crostic at gunpoint, Wilson forced Crostic's girlfriend to reveal the safe in which Crostic kept his money. Meanwhile, Smith pistol-whipped Crostic three times on the top and back of his head, breaking the skin each time. Smith attempted to restrain Crostic with zip ties, but Crostic escaped Smith's control. Wilson returned to the kitchen and shot Crostic in the head. Smith and Wilson fled the home with over $100,000 in cash. Crostic later died at the hospital of a gunshot wound. Smith pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and was sentenced to sixteen and a half years in accordance with his plea agreement.

In allocution, Smith apologized to his family and the trial court for violating his probation. He asserted that he did not hurt anyone nor want anyone to get hurt but that he was in the wrong place at the wrong time with the wrong people. Smith stated that in the future he hoped to start a nonprofit organization that would allow him to mentor and support troubled youth. He asked the court for another opportunity to be a father and a son.

The trial court found Smith violated the terms and conditions of his probation and revoked the entirety of his suspended eight-year sentence. The court ordered that the revoked sentence run consecutively with the sentences imposed for Smith's new convictions. Smith appeals.

ANALYSIS

Smith asserts that the trial court abused its discretion when it revoked and failed to resuspend any part of his previously suspended sentence. He argues that the trial court did not consider his mitigating evidence when determining the sentence. Smith notes that the original conviction was a drug crime and not a crime of violence. Further, he was removed from supervised probation after his first probation violation. He asserts that he took responsibility for his

involvement in Crostic's death by entering an *Alford* plea and that his sixteen and a half years is sufficient punishment for these actions. Therefore, he reasons, the trial court abused its discretion by revoking the entirety of his suspended sentence and running it consecutively to the newly imposed sentences.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, or has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B).

The record demonstrates that Smith was originally sentenced within the statutory maximum and suffered five new criminal convictions during the suspension period; therefore, the trial court had sufficient cause to revoke his suspended sentence. *See* Code § 18.2-248. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Smith failed to make productive use of the grace that had been extended to him when he obtained new convictions while on unsupervised probation. Smith's disregard of the terms of his suspended sentence supports a finding that he was not amendable to rehabilitation.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 322 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*