## Alexandria

JEROME A. KINARD

v.

COMMONWEALTH OF VIRGINIA

No. 0448-92-4

Decided June 15, 1993

COUNSEL

Ilaine Upton (Ilaine Upton, P.C., on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his jury trial conviction of concealment of merchandise after having been previously convicted of two or more like offenses, Jerome A. Kinard contends that the trial court erred (1) in refusing to relieve his court-appointed counsel and appoint him new counsel, (2) in permitting him to represent himself, without first determining that his waiver of counsel was voluntarily and intelligently made, and (3) in receiving into evidence orders of his prior convictions without effectively redacting the recital therein of the sentences imposed. We find no error in the trial court's refusal to relieve counsel. We hold that the trial court erred in failing to give Kinard adequate warning of the hazards of self-representation before permitting him to proceed *pro se*. For this reason, we reverse the conviction. We do not address the third assignment of error.

On September 30, 1990, the trial court appointed Jon Shields to represent Kinard. In October, 1991, Kinard moved the court to discharge Mr. Shields and appoint new counsel. The trial court denied that motion. On November 15, 1991, Mr. Shields moved to withdraw as counsel, stating that Kinard's non-cooperation impaired the preparation of an effective defense. Kinard again requested that Mr. Shields be discharged and that another attorney be appointed. Alternatively, he asked that he be permitted to represent himself. The trial court denied defense counsel's motion to withdraw, but granted a continuance to give Kinard time to prepare for trial. The court warned Kinard that if he did not cooperate with Mr. Shields, he would be held in contempt.

At the December 17, 1991 trial, Kinard moved to proceed *pro se.* The trial court granted this motion but ordered Mr. Shields to remain and to provide requested assistance. The trial court warned Kinard that he would be expected "to comport [himself] as any other lawyer." It further stated, "I think you are making a big mistake, Mr. Kinard."

During the trial, the Commonwealth put into evidence orders reciting four previous concealment convictions. The Commonwealth's Attorney moved to redact the sentences that were imposed. Kinard raised no objection, but Mr. Shields stated, "Your Honor, I would object to the redaction of those sentences. I think they've been put into evidence." The court permitted the redaction, but the method employed was such that the stricken provisions remained easily readable.

█ Kinard first contends that the trial court improperly refused to discharge his appointed counsel and appoint him new counsel. He argues that the court failed to explore the nature and substance of his dissatisfaction.

> [If] an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel.

*United States v. Iles,* 906 F.2d 1122, 1130 (6th Cir. 1990). However, an indigent defendant may not discharge his court-appointed counsel at will. Only the court can do so. *Martin v. United States,* 691 F.2d 1235, 1241 (8th Cir. 1982), *cert. denied,* 459 U.S. 1211 (1983).

█ Whether an indigent defendant's appointed counsel should be discharged lies within the sound discretion of the trial court. *United States v. Gallop,* 838 F.2d 105, 108 (4th Cir.), *cert. denied,* 487 U.S. 1211 (1988). An indigent defendant cannot have his original attorney replaced unless he shows good cause. The trial court properly denied Kinard's motion. *See Williams v. Nix,* 751 F.2d 956, 959-60 (8th Cir.), *cert. denied,* 471 U.S. 1138 (1985). Kinard and Mr. Shields proffered only that Kinard would not cooperate with Mr. Shields. This reason did not support a change of counsel.

At the November 22, 1991 hearing, the trial court considered Kinard's request for new counsel and his reasons for dissatisfaction.

Its questioning of Kinard did not disclose any sound basis for dissatisfaction with Mr. Shield's services. It revealed that the difficulty resulted from Kinard's refusal to cooperate with counsel, not from the court's failure to provide adequate counsel.

Kinard next contends that the trial court erred in permitting him to proceed at trial *pro se*, without advising him of the hazards and without ensuring that his decision was an informed one. We agree.

A defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Faretta v. California*, 422 U.S. 806, 835 (1975). To test the sufficiency of Kinard's waiver of counsel and election to proceed *pro se*, we must review the particular facts and circumstances surrounding this case. *Church v. Commonwealth*, 230 Va. 208, 215, 335 S.E.2d 823, 828 (1985). "[T]he primary inquiry . . . is not whether any particular ritual has been followed in advising the defendant of his rights and accepting his waiver, but simply whether the procedures followed were adequate to establish 'an intentional relinquishment of the right to counsel, known and understood by the accused. . . .' " *United States v. Doe*, 743 F.2d 1033, 1038 (4th Cir. 1984).

The record discloses that Kinard knowingly and voluntarily waived counsel. It does not show that the waiver was made intelligently. In granting Kinard's motion to represent himself, the trial judge warned "I think you're making a big mistake. . . . I expect you to comport yourself as any other lawyer." This warning was insufficient to ensure that Kinard understood that he was undertaking a complex and sophisticated role, the performance of which normally requires a high level of professional training and competence. It failed to warn him that if he rejected professional assistance, he would be responsible for the adequacy of his defense and would suffer the consequences of any inadequacy. At the time the waiver was accepted, Kinard had not been arraigned. The record does not show that he had been advised of the nature of the charges against him or of the punishment that could be imposed. Therefore, the record does not support the trial court's finding that Kinard's waiver of counsel was intelligently made.

Our decision renders moot the question of the propriety of the trial court's redaction of the sentences from the orders of prior conviction,

and we do not address that issue. However, we observe that our examination of the exhibits discloses that the effort at redaction was ineffective.

The judgment of the trial court is reversed, and this case is remanded for further proceedings if the Commonwealth be so advised.

*Reversed and remanded.*

Moon, C.J.,* and Coleman, J., concurred.

---

* On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.