*127 BENTON, Judge,
dissenting.
In applying the admonition in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that the record must establish that an accused who represents himself has “ ‘knowingly and intelligently’ forego[ne] those relinquished benefits” that are traditionally associated with the right to counsel, id. at 835, 95 S.Ct. at 2541, this Court stated:
A defendant “should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ” ... “[T]he primary inquiry ... is not whether any particular ritual has been followed in advising the defendant of his rights and accepting his waiver, but simply whether the procedures followed were adequate to establish ‘an intentional relinquishment of the right to counsel, known and understood by the accused ____’”
Kinard v. Commonwealth, 16 Va.App. 524, 527, 431 S.E.2d 84, 86 (1993) (citations omitted).
In pertinent part, the transcript reflects that the following occurred in the circuit court:
(The Court Reporter was duly sworn.)
(The Defendant was present in the courtroom.)
[PROSECUTOR]: Bobby Edwards.
[JUDGE]: He waived his right to an attorney.
[PROSECUTOR]: That’s what I understand, Judge. The Commonwealth is ready, Judge.
[JUDGE]: All right, in this particular case Mr. Edwards, in the General District Court you waived your right to an attorney. Do you still wish to waive your right to an attorney in these cases, sir?
[THE DEFENDANT]: Your Honor, because of the political and sociological ramifications of ride by shootings. And the falsification of information by the witnesses. And the withholding of information by the prosecutor’s office to paint the scenario that I’m some person from out of town, some *128 infamous or notorious person named Tank from out of town that is some kind of enforcer or some kind of a hit man or something, when, in fact, I have twelve children in Newport News and sixteen grandchildren.
I’m not someone coming here to be on some misadventure. And because of the turns and twist in the judicial system wherein a man is more or less guilty until he is proven innocent and the doubt goes towards the prosecutor, I have no alternative but to proceed as a pro se litigant. However, I make a motion to quash the information because in the—there was no corpus delicti evidence of probable cause—
[JUDGE]: The first thing I want to do is get the paperwork straight, because all I have in front of me is a waiver from the General District Court. And I want to get straight that you want to represent yourself. So he needs to sign—what do we have, we have three charges?
* * *
[JUDGE]: Let me get—Mr. Davenport if you will prepare three waivers and have the sheriff take them over to this gentleman and let him sign them and Mr. Duncan you can look through your file while we’re doing that.
All right, Mr. Edwards, you had some motions.
THE DEFENDANT: Yes, sir.
* * *
[JUDGE]: I’m going to deny those motions because I don’t believe this Court has anything to do with the probable cause hearing.
THE DEFENDANT: I can reserve those rights on those motions?
[JUDGE]: Yes, sir, you can note your exception to my ruling on those issues, yes, sir. All right, now, with that in mind I’m going to ask that the Clerk read to you the indictments for you to plead to the indictments.
This Court’s observations in Kinard are applicable to the record in this case.
*129 The record ... does not show that the waiver was made intelligently____ [The record] was insufficient to ensure that [the defendant] understood that he was undertaking a complex and sophisticated role, the performance of which normally requires a high level of professional training and competence. It failed to warn him that if he rejected professional assistance, he would be responsible for the adequacy of his defense and would suffer the consequences of any inadequacy. At the time the waiver was accepted, [the defendant] had not been arraigned. The record does not show that he had been advised of the nature of the charges against him or of the punishment that could be imposed. Therefore, the record does not support ... [a] finding that [the defendant’s] waiver of counsel was intelligently made.
16 Va.App. at 527, 431 S.E.2d at 86. Because the record in this case does not reflect that the defendant was made aware of the “dangers and disadvantages of self-representation,” Faretta, 422 U.S. at 835, 95 S.Ct. at 2541, I would hold that the record does not establish that the defendant made a knowing and intelligent waiver of his right to counsel. Accordingly, I would reverse the convictions and remand for a new trial.