546 S.E.2d 756

**Antwoin Renard McNAIR**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1106–00–1.**

Court of Appeals of Virginia,
Chesapeake.

June 5, 2001.

Randolph D. Stowe, Norfolk, for appellant.

(Mark L. Earley, Attorney General; Donald E. Jeffrey, III, Assistant Attorney General, on brief), for appellee.

Present: BENTON, BRAY and FRANK, JJ.

FRANK, Judge.

Antwoin Renard McNair (appellant) was convicted in a bench trial of malicious wounding in violation of Code § 18.2–51, abduction in violation of Code § 18.2–47.1, and brandishing a firearm in violation of Code § 18.2–282. On appeal, he contends the trial court violated his right to counsel by requiring him to proceed to trial without counsel. Finding no error, we affirm the convictions.

## I. BACKGROUND

On October 29, 1999, appellant's case was called for trial. Appellant, through his court-appointed counsel, Lesa J. Henderson, moved for a continuance, citing insufficient time to prepare for trial. Appellant also personally explained to the court his need for a continuance, representing that his attorney had not met with him an adequate number of times to prepare his defense. Appellant indicated he needed documents from the Norfolk school system and the Internal Revenue Service to impeach the victim's credibility.

The Commonwealth objected to a continuance, advising the trial court that it took six preliminary hearing dates, with

three other lawyers, to conclude the preliminary hearing in the case.

Appellant's motion for a continuance was denied, and appellant was arraigned. During the trial court's colloquy, appellant said he did not have enough time to discuss his case with counsel. He said he had additional witnesses whose names he did not know and that he was not ready for trial. The trial court stated, "The Court, however, having looked at the history in this case and your previous involvement with other lawyers, I'm not sure you will ever be ready for this case."

Appellant then requested a jury trial. The trial court admonished appellant that he would be tried by a jury even if he later waived his right to a jury trial. The trial court stated, "I'm not going to allow you to use the request for a jury trial as a means of stalling." The trial court then continued the case to December 6, 1999. The trial court advised appellant to cooperate with his attorney and stated that it would not grant further continuances.

On November 23, 1999, a hearing was conducted on Ms. Henderson's motion to withdraw as appellant's counsel. After representing that she had met with appellant at least four times, Ms. Henderson stated:

> I feel that the communications are irretrievable, and he does not take my advice, and I feel I should withdraw.... The problem is he feels that he knows best, and he will not listen to me. I cannot—I cannot even talk to him at this point. It is totally shut down.... [T]here is a barrier that we have reached.

The trial court granted Ms. Henderson's motion to withdraw and appointed Sharon Mason to represent appellant. The cases were continued to January 25, 2000 with a jury.

A suppression hearing was set for January 14, 2000. After the trial court began to hear the evidence, the court and counsel agreed to continue the motion and reserve appellant's right to move for suppression during the course of the trial, if the need arose.

The trial began on March 3, 2000. Prior to arraignment, appellant claimed that necessary evidence had not been produced. The purported evidence included documents which he alleged would have established that appellant's wife, the alleged victim, had made false statements on previous occasions in matters not related to the charges against appellant. Appellant also expressed his desire to offer proof as to the "manipulation" of his daughter, who was a witness for the prosecution. Appellant contended that this evidence, and other information, would prove that his wife was a liar. He wanted to use this evidence to show "what type of person we are dealing with."

The Commonwealth objected to the use of individual acts of dishonesty to impeach the victim. Appellant's counsel indicated the school records appellant requested had been subpoenaed and were in the court's file. Counsel further represented that appellant's sister was bringing alleged forged tax returns to court. These documents were the same documents appellant referred to in his motion to continue on October 29, 1999.

The trial court indicated it would reserve ruling on the admissibility of the victim's "bad conduct" until the evidence was offered by appellant.

Appellant was arraigned and pled not guilty. During the trial court's colloquy, appellant said he had not had enough time to discuss all possible defenses with his attorney. Appellant again spoke of the school records and the tax forms.

At that time, Ms. Mason moved to withdraw as counsel. She explained:

I have done everything from A to Z to work with Mr. McNair. Quite frankly, I have advised him up and down and all around. He doesn't hear the advice. He doesn't want to hear the advice. I have jumped through all of the hoops that I don't think should be jumped through at this point based on the information that he's telling the court. I'm walking into it. At this point, I have to protect myself.

At this point, I'm going to make a motion to withdraw as counsel.

Again, appellant spoke of his need for the same documents. The trial court replied, "It's been objected to. It's a written document. I can't accept it if it's objected to, but you tell me what you want to tell me in response to my question." Again, appellant stated, "I'm trying to show you by showing you the information that I have here that she's capable of lying under oath...."

The trial court reiterated that if appellant had evidence that his daughter's testimony was being "manipulated," the court would hear the evidence and then rule on its admissibility.

At that point, the trial court allowed Ms. Mason to withdraw as appellant's counsel, stating:

I'm going to do this, Ms. Mason, I'm going to grant your motion to be released as counsel. I would ask you to standby because he has some questions that he would need to seek your advice on, and we'll go ahead and proceed pro se based on the evidence that I have before me. She's your fifth attorney, and we have to get the matter heard, and we can't keep going through different attorneys, and it sounds like to me that she's made a reasonable effort to provide you with a defense. If you have rejected that, then we have to get the case pro se.

After Ms. Mason was allowed to withdraw, the following exchange took place.

THE COURT: And are you ready for trial today?

THE DEFENDANT: Without an attorney?

THE COURT: Yes, sir.

THE DEFENDANT: No, I'm not.

The trial court then proceeded to try appellant without counsel. The record does not indicate whether Ms. Mason had a further role in the case. In fact, according to appellant's trial representation, not contradicted by the prosecution or the court, Ms. Mason's "standby" role was limited to sitting

in the back of the courtroom, "without advising [appellant] of anything."

The facts of the actual offenses are not relevant to our analysis and will not be included in this opinion. Appellant was convicted of the offenses charged.

## II. ANALYSIS

■ "The right to have the assistance of counsel is a 'fundamental' right, although such right is not explicitly set out in the Constitution of Virginia." *Commonwealth v. Edwards*, 235 Va. 499, 505, 370 S.E.2d 296, 298–99 (1988); *see also Browning v. Commonwealth*, 19 Va.App. 295, 298, 452 S.E.2d 360, 362 (1994) (finding that the Sixth Amendment right to counsel is a fundamental right guaranteed to an accused by the Bill of Rights of the Virginia Constitution).
*Webb v. Commonwealth*, 32 Va.App. 337, 348, 528 S.E.2d 138, 143 (2000).

■ " 'The right to counsel which is guaranteed by the Sixth Amendment to the Federal Constitution and made applicable to the States through the Fourteenth Amendment includes the right to effective assistance of counsel.' " *Curo v. Becker*, 254 Va. 486, 491, 493 S.E.2d 368, 370 (1997) (quoting *Virginia Dep't. of Corrections v. Clark*, 227 Va. 525, 533, 318 S.E.2d 399, 403 (1984)). "However, this right is a qualified right which is limited by a 'countervailing state interest . . . in proceeding with prosecutions on an orderly and expeditious basis.' " *Bolden v. Commonwealth*, 11 Va.App. 187, 190, 397 S.E.2d 534, 536 (1990) (quoting *Paris v. Commonwealth*, 9 Va.App. 454, 460, 389 S.E.2d 718, 721–22 (1990)).

In discussing the denial of an accused's sixth amendment right to counsel, the Supreme Court has held that "[t]he burden is on the Commonwealth to prove waiver of the right to counsel by clear, precise and unequivocal evidence." *Van Sant v. Commonwealth*, 224 Va. 269, 273, 295 S.E.2d 883, 885 (1982) (citing *Lemke v. Commonwealth*, 218 Va. 870, 873, 241 S.E.2d 789, 791 (1978)). The Supreme Court of the

United States said in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938): "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' " *Id.* at 464–65, 58 S.Ct. 1019 (quoting *Ohio Bell Telephone Co. v. Public Utilities Commission*, 301 U.S. 292, 307, 57 S.Ct. 724, 731, 81 L.Ed. 1093 (1937)). "Presuming waiver from a silent record is impermissible. The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

*Sargent v. Commonwealth*, 5 Va.App. 143, 149, 360 S.E.2d 895, 898–99 (1987).

In *Bolden*, 11 Va.App. 187, 397 S.E.2d 534, the trial court gave Bolden in excess of one month to retain counsel. During that time, he was granted two continuances so he could obtain counsel. *Id.* at 189–90, 397 S.E.2d at 535–36. The trial court offered to provide court-appointed counsel, and Bolden refused. *Id.* at 190, 397 S.E.2d at 536. The trial court told Bolden that if he appeared on the trial date without counsel, he would be tried without counsel. *Id.* at 189, 397 S.E.2d at 536. Bolden appeared on the date of trial without counsel and requested another continuance. *Id.* at 190, 397 S.E.2d at 536. The trial court denied the motion, and Bolden was tried without counsel. *Id.* We held, "[T]he trial court reasonably concluded that Bolden's failure to have counsel on [the trial date] was the result of dilatory conduct on his part and not due to any lack of opportunity to obtain counsel." *Id.* at 191, 397 S.E.2d at 537.

We wrote:

Because a defendant's assertion of his right to counsel may conflict with the government's right to an orderly and expeditious prosecution, trial courts are often faced with the dilemma of choosing between these competing interests. Under certain circumstances, the trial court is entitled to

conclude that the defendant has actually waived his right to counsel and thus can require that the defendant stand trial without the assistance of counsel. However, in these situations, the burden is on the Commonwealth to prove "by clear, precise and unequivocal evidence" that the defendant did actually waive his right to counsel. *Lemke v. Commonwealth*, 218 Va. 870, 873, 241 S.E.2d 789, 791 (1978). " 'The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer.' " *Sargent v. Commonwealth*, 5 Va.App. 143, 149, 360 S.E.2d 895, 899 (1987) (quoting *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)).

*Id.* at 190–91, 397 S.E.2d at 536.

In *Lemke*, 218 Va. 870, 241 S.E.2d 789, the Supreme Court of Virginia held that the trial court erred in requiring Lemke to proceed to trial without counsel. Lemke had appealed her district court conviction to the circuit court. *Id.* at 871, 241 S.E.2d at 790. She signed an appeal form indicating that she was obligated to hire an attorney promptly and that her " 'failure to employ an attorney until just before the trial is not grounds for a continuance.' " *Id.* at 871, 241 S.E.2d at 790. Lemke attempted to hire counsel several days prior to her trial in the circuit court but was unsuccessful. *Id.* The trial court denied her motion for a continuance and tried her without counsel. *Id.* The record did not indicate whether the trial court had determined that Lemke was ineligible for court-appointed counsel. *Id.* at 873, 241 S.E.2d at 791. The Supreme Court wrote, "[H]er actions in twice approaching the attorney of her choice were not actions characteristic of a person who did not wish to be represented at trial." *Id.* at 874, 241 S.E.2d at 791.

In finding the trial court committed error, the Supreme Court held:

Trial courts are fully justified in taking stern measures to eliminate the frustrations of unnecessary or intentional delays caused by defendants in criminal appeals from the General District Courts. Such defendants must not be

permitted to trifle with the courts or impede the administration of justice. . . .

Nor does the evidence establish that Lemke acted in bad faith in appearing for trial without an attorney and moving for a continuance. Although the representations made to the court by the attorney whom she sought to employ were not entirely consistent with Lemke's own statements, they showed that she had made an effort during the week before trial to obtain the services of counsel. It thus appears that she wished to be represented by an attorney.

*Id.* at 874, 241 S.E.2d at 791–92.

In *Sampley v. Attorney Gen. of North Carolina,* 786 F.2d 610 (4th Cir.1986), the Fourth Circuit Court of Appeals wrote:

Obviously a defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply showing up without counsel, or with allegedly unsatisfactory counsel, whenever his case is called for trial, *see Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), or by objecting that counsel then retained or assigned is not presently "counsel of his choice," *see Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). . . .

When a defendant does request a continuance on the basis, as here, that he does not have counsel to represent him, the court requested to grant the continuance must therefore make a judgment whether this results from the lack of a fair opportunity to secure counsel or rather from the defendant's unjustifiable failure to avail himself of an opportunity fairly given. In making this judgment, the court is necessarily entitled to take into account the countervailing state interest in proceeding on schedule.

*Id.* at 613.

■ We reject appellant's contention that he was deprived of his Sixth Amendment right to counsel. At the time of the trial on March 6, 2000, appellant's case had been pending for eleven months. The preliminary hearing was set for six different dates before it was held on September 16, 1999.

Appellant had four attorneys through the preliminary hearing, one retained and three appointed. The trial date of March 6, 2000 was the third trial date set in the circuit court. Each of the two attorneys who withdrew as counsel in the circuit court complained of appellant's lack of cooperation and failure to heed their advice. The trial court, upon allowing Lesa Henderson to withdraw, said, "I'm not sure you will ever be ready for this case." Upon allowing Sharon Mason to withdraw, the trial court found that counsel made a "reasonable effort" to provide appellant with a defense and stated, "If you have rejected that, we have to get the case pro se."

Appellant's failure to cooperate with multiple attorneys and his dilatory conduct are clear from the record. Because of appellant's tactics, the trial court properly concluded that appellant waived his right to counsel. Appellant was offered and received counsel on at least five occasions and chose not to cooperate or communicate with them. As stated in *Bolden,* the trial court recognized the "government's right to an orderly and expeditious prosecution." It was evident that appellant simply did not want to be tried and failed to cooperate with counsel as a tactic to avoid trial. The record indicates appellant's circuit court counsel diligently attempted to represent him but his uncooperative behavior prevented their efforts. The record further indicates the trial court made every reasonable effort to honor appellant's right to counsel.

We conclude that the Commonwealth proved by clear, precise and unequivocal evidence that appellant waived his right to counsel. Therefore, for these reasons, we affirm the judgment of the trial court.

*Affirmed.*

BENTON, Judge, dissenting.

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. More than a half century ago, the Supreme Court held that "[t]he Sixth Amendment stands as a constant admonition that if the constitutional safeguards it

provides be lost, justice will not 'still be done.'" *Johnson v. Zerbst,* 304 U.S. 458, 462, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938). Later, in the seminal case applying the Sixth Amendment, the Court held that the right to the assistance of counsel "'is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty.'" *Gideon v. Wainwright,* 372 U.S. 335, 343, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963) (citation omitted).

> *Gideon* rested on the "obvious truth" that lawyers are "necessities, not luxuries" in our adversarial system of criminal justice. "The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." The defendant's liberty depends on his ability to present his case in the face of "the intricacies of the law and the advocacy of the public prosecutor;" a criminal trial is thus not conducted in accord with due process of law unless the defendant has counsel to represent him.

*Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 835, 83 L.Ed.2d 821 (1985) (citations omitted). As an essential means of securing due process, the right to the assistance of counsel "is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison,* 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986). Apparently, for reasons of expediency, the trial judge overlooked these principles in McNair's trial.

When the judge began McNair's trial and asked if the parties were ready to proceed, McNair's court-appointed attorney indicated she was ready for trial. Before the arraignment, however, she said McNair wanted to address the judge "prior to starting the trial." McNair made extensive comments to the judge about the absence of information he believed was necessary to be produced for his defense "so that [he] could get a fair trial" and about his objection to the prosecutor using his thirteen-year-old daughter as a witness. Reiterating these issues during the ensuing arraignment,

McNair indicated that "information for [his] defense is not here" and that he had not had sufficient time to discuss his defenses with his attorney. Disagreeing, McNair's attorney informed the judge that she had sought to give advice to McNair, that he did not want to accept her advice, and that she had "jumped through all of the hoops" McNair imposed on her. She then said: "At this point, I have to protect myself, . . . I'm going to make a motion to withdraw as counsel." The prosecutor immediately "ask[ed] if the Court would [ . . . ] if [McNair] could proceed pro se and leave [McNair's attorney] as advice counsel."

When the judge asked for McNair's "response" to these matters, McNair again indicated he needed other information to prove his wife was "capable of lying under oath." The trial judge then ascertained from McNair's appointed attorney that she had discussed the case with McNair, that she had advised him of the elements of the offense the prosecutor had to prove, and that she had consulted with McNair on numerous occasions. The judge granted McNair's attorney's motion to withdraw without qualification. Proceeding with the arraignment, the judge asked the following:

[JUDGE]: The Court has heard what you said. That matter is on the record. At this point, I'm not going to deny [your daughter] an opportunity to testify if the Commonwealth presents her as a witness.

Have you entered your plea of not guilty freely and voluntarily?

[McNAIR]: Yes.

[JUDGE]: And are you ready for trial today?

[McNAIR]: Without an attorney?

[JUDGE]: Yes, sir.

[McNAIR]: No, I'm not.

[JUDGE]: Have you determined whether or not you wish to have a trial by jury or a trial by a judge?

[McNAIR]: Trial by judge.

[JUDGE]: And you waive your right to a trial by jury?

[McNAIR]: Yes.

[JUDGE]: Does the Commonwealth waive?

[PROSECUTOR]: The Commonwealth waives trial by jury.

[JUDGE]: Do you understand the questions that I've asked you?

[McNAIR]: Yes, I do.

[JUDGE]: All right, sir. We'll go ahead, and I'll hear the case, and we'll go ahead and proceed.

This record does not establish that McNair declined to be represented by an attorney. At no time did he even intimate that he wanted to proceed without an attorney. Indeed, when the judge asked if he was ready for trial, McNair's responses, "Without an attorney?" and then "No, I'm not," are clear acknowledgments that he wanted an attorney to represent him. Furthermore, as the Supreme Court held in *Carnley v. Cochran,* 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962), "it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." The record indisputably established that McNair began the trial with a court-appointed attorney and did not ask to be allowed to represent himself. He was therefore constitutionally entitled to the assistance of an attorney at his trial.

The trial judge eviscerated McNair's Sixth Amendment right to counsel by releasing his attorney merely because McNair's attorney stated on the record "to protect [her]self" that McNair was a difficult client to represent and moved to "withdraw as counsel." The right to the assistance of an attorney is not a mere formalism that can be discarded merely because a defendant proves difficult. Moreover, the trial judge compounded his error by granting *the prosecutor's request* to require McNair "to proceed pro se." In so doing, the trial judge completely disregarded the Supreme Court's long standing ruling that the Sixth Amendment "embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his

life or liberty, wherein the prosecution is presented by experienced and learned counsel." *Johnson*, 304 U.S. at 462–63, 58 S.Ct. at 1022. When the trial judge required McNair to defend himself without the assistance of his attorney, the trial judge gave no deference to these principles. Even if McNair disagreed with his attorney concerning the evidence to be proved, he, like every "person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer." *Boyd v. Dutton*, 405 U.S. 1, 2, 92 S.Ct. 759, 760, 30 L.Ed.2d 755 (1972) (citing *Gideon*).

I disagree with the majority opinion's holding that McNair waived his right to the assistance of an attorney. Although an accused may waive that right, the burden is on the Commonwealth to prove a waiver. *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977). To meet that burden, the record must establish that such a waiver was voluntarily, knowingly, and intelligently made. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In our review of that issue, "the question of waiver [is to be determined] as a matter of federal constitutional law." *Brewer*, 430 U.S. at 404, 97 S.Ct. at 1242. Under that standard, we are required to apply the following rules:

> [It is] incumbent upon the State to prove "an intentional relinquishment or abandonment of a known right or privilege." ... [T]he right to counsel does not depend upon a request by the defendant, and ... courts [must] indulge in every reasonable presumption against waiver. This strict standard applies equally to an alleged waiver of the right to counsel whether at trial or at a critical stage of pretrial proceedings.

*Id.* (citations omitted). Moreover, when the Commonwealth relies upon such a waiver, it "must prove [the] essentials [of the waiver] by 'clear, precise and unequivocal evidence ... [, which] must not leave the matter to mere inference or conjecture but must be certain in every particular.'" *Church v. Commonwealth*, 230 Va. 208, 215, 335 S.E.2d 823, 827–28 (1985) (citation omitted).

McNair's "actions ... were not actions characteristic of a person who did not wish to be represented at trial." *Lemke v. Commonwealth*, 218 Va. 870, 874, 241 S.E.2d 789, 791 (1978). Although the majority opinion relies upon *Bolden v. Commonwealth*, 11 Va.App. 187, 397 S.E.2d 534 (1990), and *Sampley v. Attorney Gen. of North Carolina*, 786 F.2d 610 (4th Cir.1986), McNair, unlike those defendants, did not "appear ... [at trial] without counsel ... [as a] result of dilatory conduct on his part," *Bolden*, 11 Va.App. at 191, 397 S.E.2d at 537, and did not tell the trial judge "that he would represent himself." *Sampley*, 786 F.2d at 612. Thus, as in *Lemke*, this is not a case of "failure by one who is financially able to do so to employ counsel within a reasonable time," 218 Va. at 873, 241 S.E.2d at 791, but, rather, is a case of one who "wished to be represented by an attorney." *Id.* at 874, 241 S.E.2d at 792. The record clearly proved McNair came to trial with an attorney and expected to be represented by her at trial.

"A valid waiver of sixth amendment counsel must be the voluntary act of the defendant free of coercion, physical or psychological, subtle or overt, [which means] the defendant must realize that his or her actions are a waiver of a constitutional privilege." *United States v. Clements*, 713 F.2d 1030, 1035 (4th Cir.1983) (citation omitted). The trial judge did not discuss with McNair the right to an attorney, made no inquiry of McNair, gave no warnings, and made no findings on the record.

> [The trial judge's actions were] insufficient to ensure that [McNair] understood that he was undertaking a complex and sophisticated role, the performance of which normally requires a high level of professional training and competence. [The judge] failed to warn [McNair] that if he rejected professional assistance, he would be responsible for the adequacy of his defense and would suffer the consequences of any inadequacy.

*Kinard v. Commonwealth*, 16 Va.App. 524, 527, 431 S.E.2d 84, 86 (1993).

By ignoring McNair's express statement that he did not want to proceed without an attorney, the trial judge effectively denied McNair's right to an attorney to the same extent as if he had ruled explicitly that McNair was not entitled to be represented by an attorney. Even in circumstances where "an accused is informed of his right of counsel and expresses a desire to waive such right [, that] is not by itself considered to be an effective waiver [because it] is fundamental that the record show that an accused was offered counsel and that he intelligently and understandingly rejected the offer." *Miller v. Maryland,* 577 F.2d 1158, 1161 (4th Cir.1978).

This record contains no explanation why the trial judge did not deny McNair's attorney's motion to withdraw and order her to continue with the trial. Despite her disagreement with McNair about the evidence he wanted proved, she indicated she was prepared for trial. Although her interest had been served by her motion on the record "to protect [her]self," McNair's right to the assistance of an attorney was a separate matter. "A finding of waiver of counsel cannot be made on the basis of a simple inquiry into past events: 'the question of waiver [is] not a question of historical facts, but one which ... requires "application of constitutional principles to the facts as found." ' " *Clements,* 713 F.2d at 1035 (citations omitted).

> It has been pointed out that "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and that we "do not presume acquiescence in the loss of fundamental rights."
>
> *         *         *         *         *         *
>
> The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake-is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.

*Johnson,* 304 U.S. at 464–65, 58 S.Ct. at 1023 (footnotes omitted). Waiver of McNair's Sixth Amendment right to assistance of an attorney may be found only if the evidence

shows "that [he] was offered counsel but intelligently and understandingly rejected the offer." *Carnley,* 369 U.S. at 516, 82 S.Ct. at 890. As the Supreme Court noted: "Anything less is not waiver." *Id.*

Although the Commonwealth notes that McNair "correctly asserts that he was required to proceed 'pro se,'" the Commonwealth still argues that McNair's counsel remained in the courtroom and, therefore, McNair had "standby counsel." The simple, straightforward answer to this argument is that the record proves otherwise. The trial judge, without qualification, granted McNair's attorney's motion to withdraw. Even if she remained in the back of the courtroom, she was not authorized to assist McNair. It also bears repeating that "'the constraint laid by the [Sixth] Amendment upon the ... courts expresses a rule ... fundamental and essential to a fair trial, and ... to due process of law.'" *Gideon,* 372 U.S. at 340, 83 S.Ct. at 794 (citation omitted). Her mere presence in the courtroom provided no benefit to McNair. "Because the right to counsel is so fundamental to a fair trial, the Constitution cannot tolerate trials in which counsel, though present in name, is unable to assist the defendant to obtain a fair decision on the merits." *Evitts,* 469 U.S. at 395, 105 S.Ct. at 836. The Supreme Court could not have been clearer when it said "the guarantee of counsel 'cannot be satisfied by mere formal appointment.'" *Id.* Regardless of the presence of McNair's former attorney in the courtroom, the trial judge unconditionally granted her motion to withdraw and required McNair to proceed *pro se.*

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even

though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

*Powell v. Alabama,* 287 U.S. 45, 68–69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932).

"When a State obtains a criminal conviction through ... a trial [in which a defendant is denied the assistance of an attorney], it is the State that unconstitutionally deprives the defendant of his liberty." *Cuyler v. Sullivan,* 446 U.S. 335, 343, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980). Although the Commonwealth has an interest in an orderly and expeditious prosecution, in this case, I would hold that the trial judge exhibited "an unreasoning and arbitrary 'insistence upon expeditiousness ...' [and, therefore,] violate[d] the right to the assistance of counsel." *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983) (citation omitted). This record establishes a clear violation by the Commonwealth of McNair's Sixth Amendment right to the assistance of an attorney at the trial where he was convicted. Therefore, I would reverse the convictions and remand for a new trial.

I dissent.