COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Clements
Argued by teleconference


JAMES EDWARD HANDY, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 2764-00-1        JUDGE ROBERT P. FRANK
                                  DECEMBER 4, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel T. Powell, III, Judge

James R. Benkahla for appellant.

Eugene Murphy, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


James Edward Handy, Jr. (appellant) was convicted after a

bench trial of petit larceny, third or subsequent offense, in

violation of Code § 18.2-104.  On appeal, he contends the trial

court erred in denying his motion for appointment of a new

attorney and in failing to grant him a continuance.  For the

reasons stated, we affirm the conviction.

BACKGROUND

On the day set for trial in circuit court, trial counsel

indicated to the court that he was ready for trial, but appellant

said he was not ready.  Appellant explained his attorney had not

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

subpoenaed several witnesses.  Those witnesses were not present in the courtroom.

Appellant said he had "the police report" (apparently a James City County Sheriff's report), but that report did not indicate the name of the "other defendant" or the other "civilian" witness who "chased us."  The information on these witnesses allegedly was in the York County Sheriff's report, not the James City County Sheriff's report.  Appellant told the trial court that he had told counsel "from the beginning" he needed the York County report and could not proceed without it.

Appellant said he could not proceed without the two absent witnesses.  Both witnesses allegedly were at the store where the larceny occurred.  One of the witnesses, the "other defendant," was in a car outside the store when the incident took place.  The other witness, Mr. Braine, allegedly chased appellant out of the store.

The Commonwealth's attorney indicated no other person was charged with this offense and expressed grave doubt as to the existence of Braine.

The trial court then said:

> I'm going to do this, Mr. Bell, if it's
> agreeable with your client.  I'll let the
> Commonwealth put their case on.  I'll give
> you an opportunity to put your evidence on
> and then I'll give you a continuance if
> that's what you want, to obtain any
> additional witnesses you may need.

-

This resolution did not fully satisfy appellant. He complained, "Every time I talk to [counsel] he goes straight to the Commonwealth Attorney . . . . Now he's telling them that I made up some crazy story." The Commonwealth's attorney responded that defense counsel had contacted his office to determine the names of the missing witnesses. The Commonwealth's attorney denied any attorney-client privilege was revealed during their conversations.

Appellant proceeded to explain why he needed Braine as a witness. He said Braine, the owner of Rip's Food Store, chased him out of the Windy Hill Miller Mart and in his car. Appellant also said Braine "had what appeared to be a pistol." Appellant claimed he dropped the stolen merchandise in the store due to Braine's behavior; however, still photographs taken from a video surveillance tape showed appellant walking out of the store with several cigarette cartons.

Appellant explained to the trial court, "[Braine] did, in fact, chase me out of that store; and he did, in fact, chase us down for 15 minutes. I didn't know who he was. I thought he was trying to kill us."

At that point, counsel asked to withdraw from the case, saying, "There's a conflict of interest that is becoming more apparent to me." The Commonwealth opposed the motion.

The trial court continued to ask appellant how Braine would be a material witness, given the chase occurred after the theft.

Appellant explained the witness followed him into the store. The "other defendant," who was sitting in the car, "started beeping the horn and I dropped what I had and ran out to the car to try to get away from [Braine]." Appellant proffered no further reason why Braine was a material witness. Significantly, appellant never testified that, until he was chased out of the store, he intended to pay for the cigarettes.

Contrary to appellant's story, the videotape showed no one chasing appellant, nor anyone even approaching him. Additionally, the store clerk testified she saw appellant "leaving the store, and he had approximately ten cartons of Newport cigarettes, and ran out of the store" without paying for the cartons. She saw him throw the cartons into the back seat of the car. He then got into the front passenger seat of the car and drove away.

The police recovered five cartons and six individual packs of Newport cigarettes from the back seat of appellant's car. The photograph developed from the videotape was not clear enough to determine the exact number of cartons appellant carried out of the store.

The court inquired if appellant wanted his attorney relieved and to proceed by himself. Appellant responded, "Your Honor, what I'm saying is I want Mr. Bell relieved as counsel, and no, I do not want to proceed as my own counsel but if that is my only alternative that's what I'll have to do."

-

After a short colloquy with the trial court, appellant indicated he wished to waive counsel.[1]  The court then allowed counsel to withdraw.  Appellant pled not guilty.

After the Commonwealth rested, appellant testified that, as Braine walked in, appellant ran out taking two cartons of cigarettes.  He claimed he dropped some cartons and jumped into the waiting car.  When the trial court asked appellant did he take the cigarettes from the store, appellant admitted he did.  When asked by the court, "What's your defense?  Why didn't you pay for them?" appellant responded, "Because I stole them."

Appellant did not ask for a continuance to find the two witnesses after the Commonwealth rested or after he testified.

ANALYSIS

I.  APPOINTMENT OF NEW COUNSEL

First, appellant argues the trial court abused its discretion when denying his request for appointment of new counsel.  When reviewing a motion for substitution of counsel, "broad discretion is afforded the trial court in determining whether a continuance to obtain counsel should be granted.  '[O]nly an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.'"  Bolden v. Commonwealth, 11 Va. App. 187,

_____

[1] Appellant, on appeal, does not challenge the fact that he voluntarily waived his right to counsel.

-

191, 397 S.E.2d 534, 536 (1990) (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964))).

Appellant must show good cause for the replacement of counsel. See Kinard v. Commonwealth, 16 Va. App. 524, 526, 431 S.E.2d 84, 86 (1993). See also United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988) ("An indigent defendant, moreover, has no right to have a particular lawyer represent him and can demand a different appointed lawyer only with good cause."). The record must "disclose [a] sound basis for dissatisfaction with [counsel's] services." Kinard, 16 Va. App. at 527, 431 S.E.2d at 86.

The trial court did not abuse its discretion in denying appellant's request for new counsel. While appellant alleged his attorney did not properly investigate and find two witnesses, the record fails to disclose any reason why counsel should have investigated these witnesses.

> "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland [v. Washington, 466 U.S. 668, 691 (1984)]. Indeed, "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." Id.

Murray v. Griffith, 243 Va. 384, 389, 416 S.E.2d 219, 221 (1992).

-

Braine allegedly followed appellant out of the store and then followed him after he got into the car. A high-speed chase ensued, ending with an accident and the arrest of appellant in York County.

The "other defendant" may have driven the getaway car. He was not in the store when the cigarettes were stolen. Appellant did not know his full name.

Nothing in the record suggests the "other defendant" or Braine could have provided any exculpatory evidence. Counsel had no reason to investigate these witnesses, who were more likely to inculpate his client than to help acquit him. None of this testimony would have assisted appellant in his defense; therefore, counsel had no reason to investigate these witnesses.

As appellant did not disclose a sound basis for dissatisfaction with his attorney, the trial court did not abuse its discretion is refusing the motion for appointment of new counsel.

## II.  REQUEST FOR A CONTINUANCE

Appellant also argues the trial court abused its discretion in failing to grant a continuance to find the witnesses.

> The decision whether to grant a continuance is a matter within the sound discretion of the trial court. See Lebedun v. Commonwealth, 27 Va. App. 697, 712, 501 S.E.2d 427, 434 (1998); Price v. Commonwealth, 24 Va. App. 785, 788, 485 S.E.2d 655, 657 (1997). The Virginia Supreme Court has established a two-pronged test for determining whether a trial court's denial of

-

> a continuance request is reversible error.
> Under this test, we may reverse a trial
> court's denial of a motion for a continuance
> only if it appears from the record:  (1) that
> the court abused its discretion and (2) that
> the movant was prejudiced by the court's
> decision.  <u>See</u> <u>Cardwell v. Commonwealth</u>, 248
> Va. 501, 509, 450 S.E.2d 146, 151 (1994).

<u>Silcox v. Commonwealth</u>, 32 Va. App. 509, 513, 528 S.E.2d 744, 746 (2000).

Neither prong of the test is satisfied here.  First, the trial court told appellant that he could request a continuance after the Commonwealth presented its case.  This procedure was reasonable and not objectionable to either party.  Appellant, however, did not request a continuance at that time.  The court did not abuse its discretion by failing to allow a continuance when appellant failed to ask for one at the appropriate time.

Second, appellant was not prejudiced.  This Court cannot presume prejudice, but must find it in the record of the case. <u>See</u> <u>Lowery v. Commonwealth</u>, 9 Va. App. 304, 307, 387 S.E.2d 508, 510 (1990).  This record contains no evidence of prejudice.

Appellant confessed to the crime when he testified.  He admitted he did not pay for the cigarettes because he was stealing them.  The photographs of him taking the merchandise out of the store, as well as the clerk's and the officer's testimony, conclusively prove appellant's guilt.

Appellant never proffered any statement from the "other defendant" or Braine that would have minimized his culpability,

-

especially in light of the overwhelming evidence of his guilt.
Id. at 308, 387 S.E.2d at 510.

For these reasons, we hold the trial court did not abuse its discretion in denying appellant's pretrial motions for new counsel and a continuance, and we affirm appellant's conviction.

Affirmed.