## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

     v.

Walker

August 22, 2002

Case No. CM020214

BY JUDGE ALFRED D. SWERSKY

Defendant's Motion to Dismiss will be granted.

Defendant is before the Court upon an order issued by the Juvenile and Domestic Relations District Court directing him to show cause why a ten-day jail sentence, previously suspended, should not be imposed. (Va. Code § 19.2-306.) Walker was convicted of assault and battery on October 24, 2001, and a ten-day jail sentence was imposed and suspended upon certain conditions. At the time of his plea of guilty to the underlying offense, he was not represented by counsel.

The record in the Court below shows that upon being charged with the assault and battery, Walker made application for court-appointed counsel. He was found by the Court below to be not indigent and not entitled to court-appointed counsel. The form for the application for appointment of counsel, signed by Defendant, contains language as follows:

> If the Court finds me to be not indigent, and if the Court then declines to appoint a lawyer to represent me, I understand that I may employ my own lawyer. But if I appear without counsel on the trial date, I *may be deemed* to have waived my right to counsel.

(Emphasis added.)

150

Defendant appeared on the trial date without counsel, entered a plea of guilty, and upon recommendation of the Commonwealth Attorney, received the suspended jail sentence. After an allegation of his failure to comply with the conditions of suspension, Defendant was found in violation and sentenced to serve the ten-day jail sentence.

It is from this judgment that Defendant has noted his appeal.

The record in the Court below fails to reflect a voluntary, knowing, and intelligent waiver of Defendant's right to counsel at the time of his plea of guilty. Recognizing the limitations on Court's not of record to have a complete record of the proceedings, the record of this case is devoid of any basis for this Court to find such a waiver. The forms used by that Court do have provisions for noting such an occurrence. For example, the form of the warrant has room for noting defense counsel's name, boxes to be checked indicating "no attorney," "attorney waived," or "if convicted, no jail sentence will be imposed." Interestingly, the judge below checked the box marked "no attorney" not the box indicating that the attorney was waived.

The Supreme Court of the United States, in *Alabama v. Shelton*, 122 S. Ct. 1764 (2002), ruled that counsel must be offered to or be present in a criminal case that actually leads to imprisonment even where the sentence may be suspended at the time of sentencing. *Shelton* is applicable to these proceedings even though Walker was initially found to be not indigent. Hence, the sentence imposed on Walker would qualify him for a court-appointed counsel if he were otherwise eligible. If not entitled to court-appointed counsel, the record must show that Defendant knowingly, voluntarily, and intelligently waived his right to be represented by retained counsel.

The fact that Walker agreed that, if he appeared at trial without counsel, he may be deemed to have waived counsel does not cure the problem absent an indication in the record that the trial judge did, indeed, deem him to have waived counsel. This the judge below did not do.

Defendant's conduct in appearing without counsel and pleading guilty does not, in and of itself, show to the satisfaction of the Court that an intelligent waiver of his right to counsel occurred. *See Kinard v. Commonwealth*, 16 Va. App. 524 (1993).

Defendant's Motion to Dismiss these proceedings will be granted.